UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

LORI LEE HILL,                          )
                                        )
        Plaintiff,                      )
                                        )
            v.                          )       NO.  3:11-0853
                                        )       Judge Haynes/Bryant
CAPTAIN B. YOUNG, et al.,               )
                                        )
        Defendants.                     )

**TO: The Honorable William J. Haynes, Jr.**

**REPORT AND RECOMMENDATION**

        This case has been referred to the undersigned Magistrate

Judge for frivolity review, pretrial management, and report and

recommendation on dispositive motion (Docket Entry No. 21).

        For the reasons stated below, the undersigned Magistrate

Judge finds that venue of this case does not properly lie in the

Middle District of Tennessee pursuant to 28 U.S.C. § 1391, and the

undersigned therefore recommends that this case be transferred to

the United States District Court for the Western District of

Tennessee, Western Division.

**Statement of the Case**

        Plaintiff Lori Hill, a pro se prisoner who is seeking to

proceed in forma pauperis, has filed her complaint against Captain

B. Young and Yolanda Pettitt (Docket Entry No. 1).  By amended

complaint (Docket Entry No. 6), plaintiff has added as an

additional defendant the Mark H. Luttrell Correctional Center

("MLCC").  It appears from the complaint filed on a printed form

intended for civil rights actions pursuant to 42 U.S.C. § 1983 that plaintiff Hill seeks to sue defendant Pettitt, identified as plaintiff's cell mate at MLCC, for injuries sustained during multiple physical assaults by defendant Pettitt.  Plaintiff also seeks to sue defendant Young for "sexual harassment" based upon a physical search of plaintiff allegedly ordered by defendant Young, who is presumably a corrections officer employed at MLCC.

Based upon a liberal reading of plaintiff's complaint, all of the events giving rise to the plaintiff's claim occurred in Memphis, Tennessee, while plaintiff was confined as an inmate at the MLCC there.  Although the complaint alleges that plaintiff now has been transferred to the Tennessee Prison for Women in Nashville, Tennessee, there is no indication that any of the events giving rise to the plaintiff's claims occurred within the Middle District of Tennessee or that any of the defendants reside or may be found within this district.

## Analysis

Section 1391 of Title 28 of the United States Code contains the general venue provision for civil actions.  Section 1391(b) provides that a civil action wherein jurisdiction is not founded solely on diversity of citizenship may, except as otherwise provided by law, be brought only in (1) a judicial district where any defendant resides, if all defendants reside in the same State, (2) a judicial district in which a substantial part of the events

or omissions giving rise to the claim occurred, or (3) a judicial district in which any defendant may be found, if there is no district in which the action may otherwise be brought.

The undersigned Magistrate Judge finds from a reading of the complaint and amended complaint that all of the events giving rise to plaintiff's complaint occurred in Memphis, Tennessee, which lies within the Western District of Tennessee and not this district. Moreover, there is no allegation that any defendant named in this case resides within the Middle District of Tennessee, and, although the complaint does not state a residence for either defendant Young or defendant Pettitt, a reasonable inference would be that both of these defendants, and certainly the Mark Luttrell Correctional Center, can be found within the Western District of Tennessee.

For the reasons stated above, the undersigned Magistrate Judge finds that venue of this action does not properly lie within the Middle District of Tennessee and, therefore, this case should be transferred for further proceedings to the United States District Court for the Western District of Tennessee, Western Division, in Memphis.

### RECOMMENDATION

For the reasons stated above, the undersigned Magistrate Judge **RECOMMENDS** that this case should be **transferred** to the United States District Court for the Western District of Tennessee,

3

Western Division, on the grounds that proper venue does not lie in this district.

Under Rule 72(b) of the Federal Rules of Civil Procedure, any party has fourteen (14) days from service of this Report and Recommendation in which to file any written objections to this Recommendation, with the District Court. Any party opposing said objections shall have fourteen (14) days from receipt of any objections filed in this Report in which to file any responses to said objections. Failure to file specific objections within fourteen (14) days of receipt of this Report and Recommendation can constitute a waiver of further appeal of this Recommendation. Thomas v. Arn, 474 U.S. 140 (1985), reh'g denied, 474 U.S. 1111 (1986).

**ENTERED** this 9th day of September 2011.

s/ John S. Bryant
JOHN S. BRYANT
United States Magistrate Judge